```
 1  TERRY A. DAKE, LTD.
    11811 North Tatum Boulevard
 2  Suite 3031
    Phoenix, Arizona  85028-1621
 3  Telephone: (480) 368-5199
    Facsimile: (480) 368-5198
 4  tdake@cox.net

 5  Terry A. Dake - 009656

 6  Attorney for Trustee
```

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| In re: | ) | In Chapter 7 Proceedings |
| SUSAN MARIA CABRAL; | ) | Case No. 2:09-BK-23136-SSC |
| Debtor. | ) | |

**OBJECTION TO AMENDED EXEMPTIONS**

       The trustee objects to the amended exemptions claimed by the debtor at Admin. Docket No. 18. The trustee's objection is more fully set forth in and is supported by the following Memorandum Of Points And Authorities.

       DATED December 18, 2009.

                          ***TERRY A. DAKE, LTD.***

                          By /s/ TD009656
                            Terry A. Dake
                            11811 North Tatum Boulevard
                            Suite 3031
                            Phoenix, Arizona  85028-1621
                            Attorney for Trustee

**MEMORANDUM OF POINTS AND AUTHORITIES**

       1. The debtor has changed her exemptions from California state exemptions to Arizona state exemptions. However, as Item 15 of the debtor's Statement Of Financial Affairs reflects, the debtor lived in California until March of 2009, and this case was filed on September

17, 2009.  Thus, the debtor cannot use the Arizona exemptions pursuant to 11 U.S.C. §522(b)(3)(A).

2. The debtor claims a $10,000.00 exemption in a motor vehicle.  The trustee is informed that the debtor claims the increased exemption on the basis of disability.  However, the debtor has not provided proof that she suffers any type of physical disability that would entitle her to claim the enhanced exemption.  While she apparently qualifies for Social Security disability, that does not mean that she is entitled to the "physically disabled" exemption provided under A.R.S. §33-1125(8).

3. The debtor claims "costume jewelry" exempt as "engagement and wedding rings".  Unless the debtor can demonstrate that her costume jewelry was for her wedding or engagement, the asserted exemption cannot be allowed.

4. The debtor claims an exemption of $150.00 in three bank accounts.  The statute allows $150.00 for "a single account in any one financial institution".  A.R.S. §33-1126(A)(9). The debtor can only exempt up to $150.00 in one bank account.  The others are not exempt.

5. The debtor has failed to turn over estate property in the amount of $6,000.00 (the rent for the California property she owns for Sept. 15 to Oct. 14 and Oct. 15 to Nov. 14).  All of the debtor's otherwise exempt assets must be surcharged for that amount to make the estate whole.  <u>Latman v. Burdette</u>, 366 F.3d 774 (9th Cir. 2004); <u>In re Rolland</u>, 317 B.R. 402 (Bankr. C.D. Cal. 2004).

**WHEREFORE**, the trustee prays for the entry of an order denying the foregoing exemptions claimed by the debtor and ordering the debtor

to turn over the non-exempt assets, and surcharging the debtor's exempt assets to make the estate whole.

DATED December 18, 2009.

**TERRY A. DAKE, LTD.**

By /s/ TD009656
Terry A. Dake
11811 North Tatum Boulevard
Suite 3031
Phoenix, Arizona  85028-1621
Attorney for Trustee

COPY mailed December 18, 2009 to:

Walter Angelini
Angelini Law Offices
16810 Avenue of the Fountains
Ste. 200
Fountain Hills, AZ 85628

 /s/ TD009656

3